UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| M.F.E., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:26-cv-00316-JPH-MJD |
| | ) |
| BRISON SWEARINGEN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner M.F.E. is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 5, 2026, and is detained at the Clay County Jail in Brazil, Indiana. M.F.E. now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 32-33.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on May 14, 2026**, Respondents must either: (1) afford M.F.E. an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release M.F.E. from custody, under reasonable conditions of supervision.

## I.  Background

Petitioner is a citizen of Mexico who entered the United States without inspection approximately twenty years ago as a minor child. Dkt. 1 at 1. Petitioner was arrested on February 2, 2026, by local law enforcement officers in Elkhart, Indiana. Dkt. 8-1 at 8. On February 5, an immigration official issued an

1

administrative warrant (Form I-200) "command[ing]" that Petitioner be arrested pursuant to 8 U.S.C. § 1226. *Id.* at 6. On February 23, the government initiated removal proceedings against Petitioner by serving him with a Notice To Appear (Form I-862). *Id.* at 1.

Petitioner filed a Form I-918 petition or application for U visa with the U.S. Citizenship and Immigration Services ("USCIS") as a derivative of a family member. Dkt. 1-1 at 2. USCIS reviewed the petition and issued a Notice of Bona Fide determination to Petitioner. *Id.* The Determination Notice states, "This notice does not constitute valid U nonimmigrant status or employment authorization, and may not be used to demonstrate legal immigration or employment status." *Id.*

The Notice to Appear charges Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 8-1 at 4. The "arriving alien" checkbox is unmarked. Dkt. 8-1 at 1.

## II.    Discussion

Petitioner claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), the Due Process Clause of the Fifth Amendment (Counts II and V), substantive due process (Count III), the Administrative Procedures Act (Count IV). Dkt. 1 at 29-32. Respondents argue that Petitioner is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that

deferred action does not bar Petitioner's removal; and that his detention is constitutional. Dkt. 8.

The Court finds that Petitioner's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Petitioner is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

## A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for*

4

*admission,* if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted,* the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B.  Petitioner Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Petitioner is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Petitioner who have lived in the interior of the United States for years. *See Alejandro v. Olson,* No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen,* Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.,* No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi,* No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§

1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at \*14-19.

In December 2025, the Seventh Circuit issued an opinion in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). There, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation.  The Court has relied on that opinion as persuasive authority[2] and continues to do so after the Seventh Circuit's most recent opinion in *Castañon-Nava*, 2026 WL 1223250 (7th Cir. May 5, 2026).

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 8 at 10-11; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) ("The Supreme Court has observed that 'redundancies are common in statutory

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 2025 WL 2896348, at \*14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez*, No. 2:26-cv-00003-JPH-MKK.

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at \*2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of law, and any adjustment to the factual record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as M.F.E. can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

Respondents also cite a recent Eighth Circuit case, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Avila* court held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026).

Countering those circuit decisions, the Second Circuit recently decided *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). There, the Second Circuit rejected the government's argument and adopted the reasoning set forth in *Castañon-Nava*: "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. The court went on to conclude that "because Section 1225(b)(2)(A) applies only to a noncitizen who is

both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *6.

This Court is not convinced that the Seventh Circuit will eventually join the *Buenrostro-Mendez* and *Avila* side of the circuit split. So, in line with *Castañon-Nava* and now *Cunha*, the Court continues to rely on its previous conclusion that § 1225(b)(2)(A) does not apply to undocumented aliens like M.F.E. who have lived for years in the interior of the United States and were arrested on an administrative warrant "command[ing]" that the alien be arrested pursuant to 8 U.S.C. § 1226.

Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Petitioner, *i.e.,* arresting him in the interior of the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Petitioner, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh,* 2025 WL 3029524, at *6 (citing *Patel v. Crowley,* 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi,* No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

The facts here are also quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez,* 166 F.4th at 500 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers

determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila,* the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *See* 170 F.4th at 1132. In contrast, Petitioner was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Avila* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Petitioner's detention is authorized only by § 1226(a), entitling him to consideration of bond.

### III.    Scope of Relief

Petitioner is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia,* 467 U.S. 39, 50 (1984). Petitioner requests immediate release from custody. Dkt. 1 at 32-33. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam,* 591 U.S. 103 at107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren,* 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Petitioner's

immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on May 14, 2026**, Respondents must either: (1) provide M.F.E. with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release M.F.E. from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on May 15, 2026**, Respondents must file documentation certifying that they have provided M.F.E. with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 5/11/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel